**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| CINDY GILLESPIE, SHERRY BLACKBURN, and JOSEPH BLACKBURN, on behalf of themselves and a class, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| CHASE HOME FINANCE, LLC | )<br>) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiffs Cindy Gillespie, Sherry Blackburn, and Joseph Blackburn bring this action to secure redress from unlawful credit and collection practices engaged in by defendant Chase Home Finance, LLC.

2. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

3. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

1

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

5. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communications were received by plaintiffs within this District;

   b. Defendants do or transact business within this District.

## PARTIES

6. Plaintiff Cindy Gillespie resides in this District.

7. Plaintiffs Sherry Blackburn and Joseph Blackburn are husband and wife and reside in Indiana.

7. Defendant Chase Home Finance, LLC is a foreign corporation which does business in Indiana. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

8. Defendant Chase Home Finance, LLC is engaged in the business of servicing and collecting subprime residential mortgage loans.

9. A substantial proportion of these loans are in default or allegedly in default when Chase Home Finance, LLC first becomes involved with them.

10. Defendant Chase Home Finance, LLC uses the mails and telephones to collect these debts.

11. Chase Home Finance, LLC is therefore a debt collector as defined in the FDCPA.

## FACTS

2

12. In 2006, plaintiff Cindy Gillespie filed suit to rescind their mortgage, originated by the Ameriquest Mortgage organization. The case is still pending as part of the Multidistrict Litigation against Ameriquest.

13. In 2006, plaintiffs Sherry Blackburn and Joseph Blackburn filed suit to rescind their mortgage, originated by the Ameriquest Mortgage organization. The case is still pending as part of the Multidistrict Litigation against Ameriquest.

14. The loans were entered into for personal, family or household purposes.

15. In 2009, well after the lawsuit was pending, defendant Chase Home Finance, LLC first acquired an interest in the Gillespie and the Blackburn loans.

16. At the time, the loans were allegedly in default, according to the books and records of defendant and its predecessors.

17. On information and belief, Chase possessed books and records indicating the litigation status of said loans.

18. On or about January 24, 2009, Chase Home Finance, LLC sent plaintiff Cindy Gillespie, directly, the letter attached as Exhibit A, which refers to Gillespie's alleged "unresolved delinquency" and seeks to "help you resolve your delinquency."

19. On or about Feb. 7, 2009, Chase Home Finance, LLC sent plaintiffs Sherry and Joseph Blackburn, directly, the letter attached as Exhibit B, which refers to the Blackburns' alleged "unresolved delinquency" and seeks to "help you resolve your delinquency," and further states that "Chase Home Financial is attempting to collect a debt, and any information obtained will be used for that purpose."

20. On February 23, 2009, opposing counsel in the Blackburns' and Gillespie's

Multidistrict Litigation cases, who, though not counsel of record for Chase Home Finance, LLC, had been representing Chase's interests and resolving disputes regarding them in the litigation, sent the Blackburns' counsel an email specifying, "Chase is checking to make sure that the litigation hold is on the Blackburn loan." Exhibit C.

21. On information and belief, Chase had in fact been in contact with counsel and aware of the litigation status of the loans involved in the case.

22. On or about March 14, 2009, Chase Home Finance, LLC sent plaintiffs, directly, the letter attached as Exhibit D, which refers to the Blackburns' alleged "unresolved delinquency" and seeks to "help you resolve your delinquency."

23. Chase Home Finance, LLC purchased the servicing rights to a number of loans that were allegedly in default.

24. On information and belief, Chase Home Finance, LLC purchased scores or hundreds of loans that were involved in the Multidistrict Litigation, as well as others where the borrowers were represented.

25. Chase Home Finance, LLC knew that Ms. Gillespie and the Blackburns were represented by counsel.

26. Defendant Chase Home Finance, LLC has communicated, through its employees and agents, with numerous persons who are disputing their mortgage loans and /or who are represented by counsel with respect to such loans.

27. Defendant Chase Home Finance, LLC was attempting to collect money under such loans.

## COUNT I – FDCPA

28. Plaintiffs incorporate paragraphs 1-27.

29. Defendant Chase Home Finance, LLC violated 15 U.S.C. §1692c, by contacting represented debtors directly, and by contacting debtors it knew or should have known were represented by counsel.

30. Section 1692c provides:

> **§ 1692c.    Communication in connection with debt collection [Section 805 of P.L.]**
>
> **(a) Communication with the consumer generally--Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt– . . .**
>
>> **(2)    if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**
>
> **(c) Ceasing communication--If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--**
>
>> **(1)    to advise the consumer that the debt collector's further efforts are being terminated;**
>>
>> **(2)    to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or**
>>
>> **(3)    where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.**
>
> **If such notice from the consumer is made by mail, notification shall be complete upon receipt.**

## CLASS ALLEGATIONS

31. Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

32. The class consists of (a) all individuals (b) to whom Chase Home Finance, LLC sent collection letters or made telephone calls for the purpose of collecting a debt (c) seeking to collect loans which were not current when Chase Home Finance, LLC first acquired rights to collect the loans (d) when they were represented by counsel with respect to the loans serviced by Chase Home Finance, LLC (f) which letters were sent or telephone calls made during a period beginning one year prior to the filing of this lawsuit and ending 20 days after the filing of this lawsuit.

33. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 50 members of the class. There have been multiple complaints about the conduct in question.

34. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendants Chase Home Finance, LLC has engaged in a practice of contacting represented debtors directly in violation of the FDCPA.

35. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories. Plaintiffs' claim arises from the same practice – contacting represented debtors directly – that gives rise to the claims of the class members. Plaintiffs' claim is also based on the same theory – that this practice violates the FDCPA. By pursuing their claims, plaintiffs will also further the interests of the class.

36. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and FDCPA litigation. Plaintiffs' circumstances are not so unique that their claims would be antagonistic to the class members. Plaintiffs will vigorously pursue the class interests.

37. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class and against defendants for:

    (1) Statutory damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

        s/ Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200

7

(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\22795\First Amended_.wpd

**CERTIFICATE OF SERVICE**

I, Daniel A. Edelman, hereby certify that on June 19, 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Stephen R. Meinertzhagen
smeinertzhagen@burkelaw.com

Madeleine Milan
mmilan@burkelaw.com

LeAnn Pedersen Pope
lpope@burkelaw.com

                                                s/ Daniel A. Edelman
                                                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)