# EXHIBIT F

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Office of the Secretary

March 19, 2008

Barbara A. Sinsley
Manuel H. Newburger
Barron, Newburger, Sinsley & Wier, PLLC
2901 West Busch Boulevard
Tampa, Florida 33618

Dear Ms. Sinsley and Mr. Newburger:

This is in response to the request from the USFN, formerly known as the U.S. Foreclosure Network, for a Commission advisory opinion ("Request") regarding whether the Fair Debt Collection Practices Act ("FDCPA")[1] prohibits a debt collector in the foreclosure context from discussing settlement options in the collector's initial or subsequent communications with the consumer. The Request asserts that the receipt of information about settlement options could enable the consumer to save his or her home from foreclosure. As explained more fully below, the Commission concludes that debt collectors do not commit a *per se* violation of the FDCPA when they provide such information to consumers. Moreover, the Commission believes that it is in the public interest for consumers who may be subject to foreclosure to receive truthful, non-misleading information about settlement options, especially in light of the recent prevalence of mortgage borrowers who are delinquent or in foreclosure.[2]

---

[1] 15 U.S.C. §§ 1692 - 1692p.

[2] According to press reports, in 2007, there were an estimated 2.2 million foreclosure filings in the United States, a 75% increase from 2006. The number of foreclosure filings increased late in 2007 – in December there were 215,749 foreclosure filings, a 97% increase from the number of filings in December 2006. December was the fifth consecutive month in which foreclosure filings topped 200,000. Associated Press, *Home Foreclosure Rate Soars in 2007*, N.Y. TIMES, Jan. 29, 2008, *available at* www.nytimes.com/aponline/us/AP-Foreclosure-Rates.html. Mortgage delinquency is also escalating. The number of borrowers falling behind on first-lien mortgage payments for residences during 2007 was the highest it has been since 1986 – 2.64 million borrowers fell behind on payments. Michael M. Phillips, Serena Ng & John D. McKinnon, *Battle Lines Form Over Mortgage Plan*, WALL ST. J., Dec. 7, 2007, at A1.

1

USFN submitted the Request pursuant to Sections 1.1-1.4 of the Commission's Rules of Practice, 16 C.F.R. §§ 1.1-1.4. The Request focuses on two sections of the FDCPA, Sections 807 and 809, 15 U.S.C. §§ 1692e, 1692g,[3] and presents three specific questions for consideration:

> (1) Does a debt collector violate the FDCPA when he, in conjunction with the sending of a "validation notice" pursuant to Section 809(a) of the FDCPA, notifies a consumer of settlement options that may be available to avoid foreclosure?
>
> (2) Does a debt collector violate the FDCPA when he, subsequent to sending the validation notice pursuant to Section 809(a) of the FDCPA, notifies a consumer of settlement options that might be available to avoid foreclosure?
>
> (3) Does a debt collector commit a false, misleading or deceptive act or practice in violation of Section 807 of the FDCPA when he presents to a consumer settlement options that are available to the consumer to avoid foreclosure?

The Request states that there is no case law addressing these specific questions. We address the questions *seriatim*.

USFN's first two questions specifically reference Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a). Section 809(a) provides, in pertinent part, that a debt collector must, within the first five days after the initial communication with the debtor, provide a written notice containing specific information including the amount of the debt, the debtor's right to dispute the validity of the debt in writing within 30 days, and the collector's obligation to obtain verification of the debt in response to the consumer's dispute document. Congress enacted Section 809 to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."[4]

Section 809(a) does not expressly prohibit debt collectors from adding language to the written validation notice with the mandatory disclosures. The statute also does not expressly prohibit debt collectors from presenting information to consumers about settlement options in subsequent communications. The Commission therefore concludes that there is no *per se* violation of Section 809(a) of the FDCPA if a debt collector includes information regarding foreclosure settlement options along with a validation notice or in subsequent communications after that notice is delivered.

---

[3] The Commission has considered only these sections in rendering this opinion and it should not be construed to pertain to any other section of the FDCPA, to any other law, or to any issue of legal ethics.

[4] S. Rep. No. 95-382, at 4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1698.

2

Nevertheless, collectors must take care that communicating information about settlement options does not undermine the consumer protections in Section 809(a). The touchstones of Section 809(a) are the consumer's rights to dispute his or her debt in writing within 30 days and to obtain verification of that debt from the collector. To protect these rights, in 2006 Congress amended Section 809(b) to expressly state that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt. . . ."[5] This statutory amendment ratified court decisions holding that debt collectors that provide consumers with information in addition to the mandatory disclosures violate Section 809(a) if the additional information effectively obscures the consumer's right to dispute his or her debt and obtain verification from the collector.[6] Specifically, these cases concluded that providing additional information is unlawful if it overshadows or contradicts required disclosures or creates confusion regarding the basic right to dispute the debt and obtain verification from the collector.[7] In making these determinations, courts considered the communication from the perspective of an unsophisticated consumer.[8]

In sum, with respect to USFN's first two questions presented in its Request, the Commission concludes that there is no *per se* violation of Section 809(a) if a debt collector in the foreclosure context discusses settlement options in the collector's initial or subsequent communications with the consumer. This conclusion, however, does not prevent a fact-based finding that a specific communication violates the Act if it overshadows or is inconsistent with the disclosures of the consumer's right to dispute the debt within 30 days.

USFN's third question asks whether a debt collector commits a false, misleading or deceptive act or practice in violation of Section 807 of the FDCPA when he presents to a consumer settlement options that are available to the consumer to avoid foreclosure. Section 807 of the FDCPA establishes a general prohibition against the use of any "false, deceptive or misleading representation or means in connection with the collection of any debt" and provides a list of 16 specific practices that are *per se* false, deceptive or misleading under the Act. In enacting Section 807, Congress noted that this general prohibition on deceptive collection practices would "enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed."[9]

---

[5] 15 U.S.C. § 1692g(b).

[6] *See, e.g., Swanson v. Oregon Credit Servs.*, 869 F.2d 1222 (9th Cir. 1988).

[7] *Id.; See, e.g., Durkin v. Equifax Check Servs.*, 406 F.3d 410 (7th Cir. 2005); *Shapiro v. Riddle & Assocs.*, 351 F.3d 63 (2d Cir. 2003); *Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*, 290 F.3d 1055 (9th Cir. 2002).

[8] *See, e.g., Sims v. G.C. Servs.*, 445 F.3d 959 (7th Cir. 2006) ("unsophisticated consumer"); *Smith v. Transworld Sys.*, 953 F.2d 1025 (6th Cir. 1992) ("least sophisticated consumer").

[9] S. Rep. No. 95-382, at 4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1698.

3

As a general matter, the Commission concludes that a debt collector's communication with a consumer regarding his or her options to resolve mortgage debts and to potentially avoid foreclosure would not necessarily violate either the general or specific prohibitions of Section 807. However, we also stress that a particular communication with settlement option information could be deceptive in violation of Section 807 if it contains a false or misleading representation or omission of material fact. Determining whether a specific communication is false or misleading is a fact-based inquiry that considers all the facts and circumstances surrounding the particular communication at issue.[10]

After reviewing the language of the FDCPA, its legislative history, and relevant case law, as well as the information contained in the Request, the Commission concludes that a debt collector in the foreclosure context does not commit a *per se* violation of Sections 807 or 809 of the FDCPA when he or she addresses settlement options in the collector's initial or subsequent communications with the consumer.

By direction of the Commission.

Donald S. Clark
Secretary

---

[10] *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985) (noting that FDCPA expands pre-existing FTC deception authority); *see also FTC Policy Statement on Deception, appended to In re Cliffdale Associates, Inc.*, 103 F.T.C. 110, 174-84 (1984) (setting forth deception test).